## MOWERY v. RIVERO. (No. 7940.)

(Court of Civil Appeals of Texas. Galveston.
April 29, 1920. On Motion for Rehearing,
June 21, 1920.) .

**Landlord and tenant ⬖➔83(5)—Evidence held
to show tenant's waiver of option to extend
lease at price fixed.**

In a suit by tenant to restrain landlord
from leasing to another after expiration of
lease giving tenant an option for an extension
of two years, evidence *held* to show that the
tenant by his conduct and dealings, including
offer of higher price, had waived the option to
extend lease at the option price. .

Appeal from District Court, Harris Coun-
ty; Chas. E. Ashe, Judge.

Suit by J. M. Rivero against C. W. Mow-
ery. From an order granting a temporary
injunction, defendant appeals. Reversed and
rendered.

Warren & Conn, of Houston, for appellant.
Turnley & Clark, of Houston, for appellee.

GRAVES, J. This appeal is from an order
granting a temporary injunction, by which
appellant, Mowery, was both restrained·from
renting his 669 acres of land at Sandy Point,
Tex., to another person than appellee, J. M.
Rivero, and from in any way interfering
with Rivero's use and possession of the prop-
erty.

Rivero had been renting and living on the
place for three years at $500 annual rental
under a written lease thereof to him from
Mowery, the owner, which by its terms ex-
pired on January 1, 1920, but contained this
provision:

"And at the expiration of this said lease the
said lessee shall have the option to further
lease and rent said premises for the further
period of two years on same terms of five hun-
dred (500) dollars per annum, providing the
said premises are for lease by the owner, C.
W. Mowery."

He sought the injunction accorded him up-
on the claim that the premises were in fact
for lease for the two years beginning Janu-
ary 1, 1920, averring that, unless leased to
him in accord with the quoted stipulation in
the contract referred to, which he upon his
part stood ready, willing, and able to per-
form, they would be leased to one Link Day.

Mowery in reply denied that he had actual-
ly rented the property to Day, insisted that
he had a right under the agreement invoked
to decline renting it to Rivero, and further
alleged that Rivero had not only violated
other provisions of their contract by commit-
ting waste and damage upon the land to

the extent of $2,000, but had through the
course of the dealings between them with ref-
erence to a renewal waived any right or op-
tion the expired lease might have given him
to extend the period of his tenure.

The trial court heard evidence upon the
issues thus joined, a careful examination of
the record of which here has convinced this
court that the injunction writ was improvi-
dently issued. It was undisputed, indeed
affirmatively testified to by both immediate
parties, that as far back as the summer of
1919 Mowery notified Rivero that, on the ex-
piration of his lease, the place was not for
lease or rent, and that Rivero then offered
him $700 per year to rent it for one year,
instead of the $500 per year for two years
specified in the contract, and that Mowery
declined. According to Rivero and his son,
this offer was later on, between that time
and December 9, 1919, increased to $1,000,
while Mowery says Rivero was never willing
to pay that much, and, when advised that
Link Day offered $1,000, agreed that Mowery
should go ahead and rent to Day, in reliance
upon which he, on December 9th, agreed to
accept Day's proposal. Whatever the discrep-
ancies as to details between these versions,
it is clear that Mowery never at any time in-
tended to again rent the property at the old
figure of $500 per year, and that Rivero was
not only so advised months before the expira-
tion of the lease he held, but at that time
acquiesced in the exercise by Mowery of a
right to decline an extension at that rate ·
and endeavored to induce him to make a
new and different agreement for one year at
a higher price; that is, recognized that he
no longer had an option to rent it under the
renewal clause of his expiring contract and
offered an arrangement outside of and be-
yond its terms. This deduction is empha-
sized by at least two outstanding features of
the testimony: First, the fact that at no
time during these negotiations nor before
Mowery on December 9th consented to accept
$1,000 from Day, did Rivero even claim or
assert any right by virtue of his lease to
continue renting the property at $500; and
second, the undisputedly shown refusal and
unwillingness of Mowery at all times to place
himself where he would be expected to let
Rivero have it longer at that price, even if
he must himself take charge to prevent that
result.

In these circumstances we do not think
Rivero was in position to later come in and
reassert his old option under his contract,
but that his conduct and dealings with Mow-
ery touching the same amounted to a waiv-
er of it.

This conclusion determines the merits of
the appeal and renders the discussion of
other features presented by the record unnec-
essary. That entered below is reversed, and

judgment is here rendered dissolving the injunction.

Reversed and rendered.

### On Motions for Rehearing.

After careful consideration of two separate motions for rehearing in behalf of the appellee, both have at a former day been overruled. In the original opinion, however, the date on which Mowery agreed to accept Day's proposal of $1,000 is twice given as December 9th, when in both instances it should have read "about November 20th."

Rehearing refused.